UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:18-cr-474-VMC-TGW

TERRY ALONZO WILSON

_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Terry Alonzo Wilson's pro se Motion for Compassionate Release under 18 U.S.C. § 3582. (Doc. # 206). The government responded in opposition on July 29, 2021. (Doc. # 208). For the reasons that follow, the Motion is denied.

**I.  Background**

On June 17, 2019, a jury found Wilson guilty of one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951, one count of using, carrying, and brandishing a firearm during a Hobbs Act robbery in violation of 18 U.S.C. § 924(c), and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Doc. # 138). This Court sentenced Wilson to 300 months' imprisonment on September 7, 2019. (Doc. # 169).

According to Bureau of Prisons (BOP) records, Wilson is fifty-five years old and projected to be released on January 12, 2040. (Doc. # 208 at 2).

Wilson now seeks compassionate release from prison, arguing that due to his various medical conditions — including partial blindness, hypertension, high blood pressure, glaucoma, rupture of the cornea, schizophrenia, paranoia, asthma, and depression — his immune system is compromised and he faces a "greater danger from COVID-19." (Doc. # 206 at 2-4). For support, Wilson points out that he recently received a positive COVID-19 diagnosis, and although he has recovered, "[he] is still experience[ing] some after-effect." (Id. at 6). Wilson contends that the BOP has not adequately responded to the pandemic, his current facility "is unable to accommodate" his conditions, and the Court should "modify [his] sentence now, before he suffers more adverse consequences due to COVID." (Id. at 7-9).

The government has responded in opposition (Doc. # 208) and the Motion is ripe for review.

II. **Discussion**

"The authority of a district court to modify an

2

imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); see also United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir. 2002) (collecting cases and explaining that district courts lack the inherent authority to modify a sentence). Wilson requests a reduction in sentence under Section 3582(c)(1)(A)(i), which permits a court to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

The government does not dispute that Wilson has exhausted his administrative remedies, but claims that the Motion should be denied on the merits. (Doc. # 208 at 6). The Court agrees, and finds that none of Wilson's conditions are extraordinary and compelling enough to warrant release.

The Sentencing Commission has set forth the following qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1); see also United States v.

3

Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Wilson bears the burden of establishing that compassionate release is warranted in his situation. United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

In his Motion, Wilson argues that he suffers from partial blindness, hypertension, high blood pressure, glaucoma, rupture of the cornea, schizophrenia, paranoia, asthma, and depression. (Doc. # 206 at 3-4). According to Wilson, these conditions place him at a higher risk of serious illness should he contract COVID-19, and his facility lacks the "proper equipment or material that will enable [him] to care for himself." (Id. at 2). Wilson concludes that his various "mental, physical, and physical impairments" create an "extraordinary and compelling" reason justifying his compassionate release, as defined by Section 3582. (Id. at 5).

4

However, as this Court has consistently held, the mere presence of COVID-19 at Wilson's facility is not an extraordinary and compelling reason warranting release. See, e.g., United States v. Chappell, No. 8:10-cr-134-VMC-AEP, 2021 WL 322369, at *3 (M.D. Fla. Feb. 1, 2021) (holding that the mere risk of infection and reinfection of COVID-19 is not enough to justify compassionate release). The Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

And although Wilson explains that he received a positive COVID-19 diagnosis, he admits that he has since "recovered from the virus." (Doc. # 206 at 6). Wilson may be experiencing some lingering after-effects, but he has not shown that his past infection rises to the level of extraordinary and compelling such that compassionate release is warranted. See, e.g., United States v. Thomas, No. 8:10-cr-438-VMC-AAS, 2020

5

WL 4734913, at *2 (M.D. Fla. Aug. 14, 2020) ("The Court understands that Thomas is suffering some unpleasant symptoms as a result of COVID-19. But, in light of the records reflecting that she is not seriously ill, Thomas has not shown that her illness is an extraordinary and compelling reason for compassionate release."); United States v. Eddings, No. 2:09-CR-00074-JAM-AC, 2020 WL 2615029, at *2 (E.D. Cal. May 22, 2020) (denying motion for compassionate release even though defendant had COVID-19 and "medical conditions that could place him at a higher risk of complications" because he was not experiencing any complications).

Nor does the risk of reinfection with COVID-19 warrant release. See United States v. Coleman, No. 6:11-cr-247-JA-KRS, 2020 WL 5912333, at *3 (M.D. Fla. Oct. 6, 2020) ("[T]he mere risk of reinfection of Covid-19 does not constitute an extraordinary and compelling reason for release.").

Furthermore, Wilson has failed to produce evidence that his medical conditions "substantially diminish [his] ability . . . to provide self-care within the environment of a correctional facility" or are otherwise serious enough to warrant release. USSG § 1B1.13 comment (n.1); see also United

6

States v. Frost, No. 3:18-cr-30132-RAL, 2020 WL 3869294, at *4-5 (D.S.D. July 9, 2020) (denying motion for compassionate release for a COVID-19-positive prisoner who had other medical conditions, including diabetes, severe coronary artery disease, and chronic obstructive pulmonary disease, because his COVID-19 symptoms were not severe and there was no indication he could not provide self-care while in prison); United States v. Gutierrez, No. 8:11-cr-345-VMC-AAS, 2021 WL 1117317, at *2 (M.D. Fla. Mar. 24, 2021) (finding that a defendant's asthma, diabetes, hypertension, and hyperlipidemia did not "substantially diminish [his] ability ... to provide self-care within the environment of a correctional facility" and were not "otherwise serious enough to warrant release"). Thus, neither COVID-19 nor Wilson's underlying medical conditions create an extraordinary and compelling reason for compassionate release. See Cannon v. United States, No. CR 11-048-CG-M, 2019 WL 5580233, at *3 (S.D. Ala. Oct. 29, 2019) ("[D]espite the many medical afflictions Cannon identifies, he does not state, much less provide evidence, that his conditions/impairments prevent him from providing self-care within his correctional facility.").

Even if Wilson did demonstrate extraordinary and compelling reasons justifying compassionate release, the Court agrees with the government that the Section 3553(a) factors weigh against early release. (Doc. # 208 at 10).

First, as noted by the government, Wilson has an extensive criminal history consisting of aggravated battery with a deadly weapon, robbery and attempted robbery, burglary, and battery on a law enforcement officer. (Doc. # 160 at 12-18). The underlying offense in this case is an armed Hobbs Act robbery in which Wilson brandished a firearm and threatened to kill the employees of the store he was robbing. (Id. at 6-7).

Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime. The Court agrees with the government that the serious and violent nature of Wilson's offense, combined with his decades-long pattern of criminal conduct, weigh against a grant of compassionate release. 18 U.S.C. § 3553(a)(1).

Furthermore, Wilson is only a few years into a 300-month sentence, and is not scheduled to be released until 2040. (Doc. # 169). Ending the term of imprisonment so early would

8

not serve the purposes of Section 3553(a) and would, in fact, fail to rehabilitate Wilson or deter future violations.

Accordingly, Wilson's request for compassionate release is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Terry Alonzo Wilson's pro se Motion for Compassionate Release under 18 U.S.C. § 3582 (Doc. # 206) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of August, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE