UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:18-cr-474-VMC-TGW

TERRY ALONZO WILSON

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Terry Alonzo Wilson's pro se "Request for Final Disposition of Indictments, Informations, or Complaints in Accordance with Article III of the Interstate Agreement on Detainers" (Doc. # 219), filed on May 16, 2022. The United States of America responded on June 1, 2022. (Doc. # 222). For the reasons that follow, the Motion is denied.

**I.   Background**

Following a six-day trial, a jury convicted Wilson of: (1) conspiracy to commit Hobbs Act robbery; (2) Hobbs Act robbery; (3) using, carrying, and brandishing a firearm during and in relation to a crime of violence; and (4) being a felon in possession of a firearm. On September 6, 2019, this Court sentenced Wilson to 300 months' imprisonment, to be followed by a five-year term of supervised release. (Doc.

1

# 169). On direct appeal, the Eleventh Circuit Court of Appeals affirmed Wilson's convictions and sentence. (Doc. # 203).

Wilson has now filed the instant Motion, stating that he is in federal custody and requesting a "final disposition" of a "hold" or detainer that the State of Florida has placed against him. (Doc. # 219). He points to two specific state-court cases and claims that the state detainer was "released" in October 2020. (Id.). The United States has responded (Doc. # 222), and the Motion is ripe for review.

## II. Discussion

The Interstate Agreement on Detainers ("IAD") is a compact entered into by 48 states and the United States whose purpose is to efficiently dispose of outstanding criminal charges brought against prisoners incarcerated in other jurisdictions. Hunter v. Samples, 15 F.3d 1011, 1012 (11th Cir. 1994). A detainer is "a notification filed with the institution in which a prisoner is serving a sentence, advising him that he is wanted to face pending criminal charges in another jurisdiction." United States v. Mauro, 436 U.S. 340, 359 (1978) (citations omitted). Article III of the IAD, which Wilson invokes in his Motion, provides a procedure by which a prisoner against whom a detainer has been filed

can demand a speedy disposition of the charges giving rise to the detainer. United States v. Alston, No. 3:13-cr-124-MCR, 2014 WL 5320541, at *4 (M.D. Fla. Oct. 17, 2014). Critically, however, Article III "does not apply to all detainers, but only to those based on 'any untried indictment, information or complaint.'" Carchman v. Nash, 473 U.S. 716, 727 (1985).

Here, the two state court cases that Wilson points to are more than 20 years old. The Presentence Investigation Report (PSR) in this matter details both cases within Wilson's criminal history. As to Case No. 1998CF8922, the PSR states that Wilson was sentenced to 20 years in prison and he was released in June 2018. (Doc. # 160 at ¶ 73). A "conditional release violation warrant" was issued in that case when Wilson committed the instant federal offenses. (Id.). And in Case No. 1999CF9127, Wilson was sentenced to two years' imprisonment, but the PSR does not detail any warrant or detainer.

As the government explains in its Response, both convictions are final, Wilson is not awaiting trial in either matter, and so there is no "untried indictment, information, or complaint" against him. In other words, Wilson has not identified any outstanding charges against him for which he has not already been tried.

The IAD does not apply to detainers based on a parole violation warrant and is likewise inapplicable to probation violation detainers. Carchman, 473 U.S. at 725. Thus, even assuming there is a detainer (which Wilson has not established), the IAD does not apply to the detainer or detainers at issue here.

For these reasons, Wilson's Motion must be denied. To the extent he wishes the Bureau of Prisons to update or correct any allegedly erroneous data within its records, Wilson is advised to follow the proper administrative procedure to do so.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED**:

Terry Alonzo Wilson's pro se "Request for Final Disposition of Indictments, Informations, or Complaints in Accordance with Article III of the Interstate Agreement on Detainers" (Doc. # 219) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of June, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE