UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY ALONZO WILSON,

v.                              Case No. 8:18-cr-474-VMC-TGW
                                         8:22-cv-864-VMC-TGW

UNITED STATES OF AMERICA.

_____/

**ORDER**

This matter is before the Court on Terry Alonzo Wilson's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 218), which was filed on April 7, 2022. The United States of America responded on June 27, 2022 (Civ. Doc. # 6), and Wilson replied. (Civ. Doc. # 10). Also pending is Wilson's pro se Motion for Appointment of Counsel (Civ. Doc. # 11). For the reasons that follow, the Motions are denied.

I.   **Background**

On October 16, 2018, a grand jury indicted Wilson on multiple charges concerning the robbery of a pawnshop Wilson committed with his co-defendant, Jeremey Williams. (Crim. Doc. # 14; Crim. Doc. # 193 at 10). Wilson entered the pawnshop and threatened to kill the people inside with the firearm he carried. (Crim. Doc. # 193 at 10). After this

1

robbery, Wilson and Williams planned to commit additional robberies. (Id. at 13).

On June 17, 2019, a jury found Wilson guilty on all counts: (1) conspiracy to obstruct, delay, or affect interstate commerce by robbery in violation of 18 U.S.C. § 1951(a) (Count One); (2) obstructing, delaying, or affecting interstate commerce by robbery in violation of 18 U.S.C. § 1951(a) (Count Two); (3) carrying, brandishing, and using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count Three); and (4) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Five). (Crim. Doc. # 138).

On September 6, 2019, Wilson was sentenced to 216 months' imprisonment as to Counts One and Two, 120 months' imprisonment for Count Five, and a consecutive 84 months' imprisonment for Count Three, for a total of 300 months' imprisonment. (Crim. Doc. # 168; Crim. Doc. # 169). Wilson appealed. (Crim. Doc. # 171). The United States Court of Appeals for the Eleventh Circuit affirmed on July 31, 2020. United States v. Wilson, 823 Fed. App'x 712 (11th Cir. 2020). The Supreme Court denied Wilson's petition for a writ of certiorari on October 4, 2021. (Crim. Doc. # 217).

Wilson has now filed the instant Motion pursuant to 28 U.S.C. § 2255. (Civ. Doc. # 1; Crim. Doc. # 218). The United States has responded (Civ. Doc. # 6), and Wilson has replied. (Civ. Doc. # 10). Wilson also filed a pro se Motion for Appointment of Counsel. (Civ. Doc. # 11). The Motions are ripe for review.

## II.  **Legal Standard**

Wilson bears the burden of proving that he is entitled to relief under Section 2255. See Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015) ("[W]e note that Rivers bears the burden to prove the claims in his § 2255 motion.").

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004). "This rule generally applies to all claims, including constitutional claims." Id. A petitioner "can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." Id. "Under the second exception, a court may allow a

3

defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. (citation and internal quotation marks omitted).

## III. **Analysis**

### A.   **Motion to Appoint Counsel**

On the same day he filed his reply in support of his Section 2255 Motion, Wilson filed a Motion for Appointment of Counsel. (Civ. Doc. # 11). In that Motion, Wilson requests the appointment of counsel for "the completion of his 28 U.S.C. § 2255 Motion" because he is "totally blind in both eyes" and "cannot see to properly articulate or construct a proper 2255" or "answer . . . the government's responses in this matter." (Id.).

"There is no Sixth Amendment right to counsel during collateral attacks on a sentence." Houston v. United States, No. 8:12-cv-561-WJC-TBM, 2012 WL 1901511, at *1 (M.D. Fla. May 25, 2012); see also Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, and we decline to so hold today. Our cases establish that the right to appointed counsel

4

extends to the first appeal of right, and no further."
(citations omitted)). "A petitioner may request appointment
of counsel to represent him in his § 2255 proceeding,
however, such appointment is within the Court's discretion."
Houston, 2012 WL 1901511, at *1 (citing 18 U.S.C. §
3006A(a)(2)(B)). "Under such circumstances, counsel shall
be appointed upon request of a financially indigent defendant
if the Court determines that 'the interests of justice so
require.'" Id.

The Court declines to appoint counsel here. While the
Court understands that Wilson is visually impaired, Wilson
only requested counsel after his Section 2255 Motion was fully
briefed. Because no further briefing on the Section 2255
Motion is required, the interests of justice do not require
the appointment of counsel. The Motion for Appointment of
Counsel is denied.

    **B.**   **Section 2255 Motion**

In his Section 2255 Motion, Wilson argues that he was
erroneously sentenced for brandishing and possessing a
firearm during a crime of violence under Section 924(c). (Civ.
Doc. # 1 at 2). In Ground One, he insists that his offenses
do not qualify as a "crime of violence" under the use-of-
force clause and, in Ground Two, that his offenses lack the

5

appropriate mens rea required to qualify as a "crime of violence". (Id. at 3-4). His Motion is timely, and his claims are cognizable. (Civ. Doc. # 6 at 3).

The Court will address each ground for relief in turn.

1. **Ground One**

First, Wilson argues that Hobbs Act robbery does not qualify as a "crime of violence" under the 18 U.S.C. § 924(c) use-of-force clause. (Civ. Doc. # 1-1 at 7-8). But, as Wilson conceded on direct appeal, "binding precedent forecloses his argument that Hobbs Act robbery does not qualify as a 'crime of violence' for purposes of § 924(c)." Wilson, 823 F. App'x at 720. Specifically, the Eleventh Circuit held that Hobbs Act robbery constitutes a "crime of violence" for Section 924(c) purposes in In re Saint Fleur, 824 F.3d 1337 (11th Cir. 2016).

Wilson now reasserts his argument in light of United States v. Eason, 953 F.3d 1184 (11th Cir. 2020), which held that Hobbs Act robbery does not qualify as a "crime of violence" under the Sentencing Guidelines, U.S.S.G § 4B1.2(a). (Civ. Doc. # 1-1 at 8). Wilson argues that a "crime of violence" under U.S.S.G § 4B1.2(a) should be treated the same as a "crime of violence" under 18 U.S.C. § 924(c). (Id. at 7).

Wilson is incorrect. Eason did not overturn In re Saint Fleur. Section 924(c) and the Sentencing Guidelines' definitions of "crime of violence" are not treated the same. See Eason, 953 F.3d at 1191 ("There is nothing incongruous about holding that Hobbs Act robbery is a crime of violence for purposes of . . . § 924(c)(3)(A), which includes force against a person *or* property, but not for purposes of U.S.S.G. § 4B1.2(a)(1), which is limited to force against a person." (quoting United States v. O'Connor, 874 F.3d 1147, 1158 (10th Cir. 2017)); see also Harrell v. United States, No. 10-CR-20800, 2020 WL 8617496, at *4 (S.D. Fla. Nov. 30, 2020) ("Movant also cites to [Eason] for the proposition that substantive Hobbs Act robbery is not a crime of violence. However, Eason's holding is not applicable in this context. In Eason, the court found that substantive Hobbs Act robbery does not qualify as a 'crime of violence' as defined in the United States Sentencing Guidelines § 4B1.2(a). That definition is very similar to, but materially different from, the definition of 'crime of violence' at issue here [under 18 U.S.C. § 924(c)(3)(A)]."), report and recommendation adopted, No. 10-20800-CR, 2021 WL 680710 (S.D. Fla. Feb. 22, 2021).

Because Eason does not change that Hobbs Act robbery qualifies as a "crime of violence" under Section 924(c), Wilson has not established that Hobbs Act robbery is not a "crime of violence" under 18 U.S.C. § 924(c). The Motion is denied as to Ground One.

### 2.   Ground Two

Next Wilson argues that "because Hobbs Act robbery can be committed recklessly," it cannot be counted as a violent offense. (Civ. Doc. # 1 at 4). In support, Wilson cites the recent Supreme Court decision in Borden v. United States, 141 S.Ct. 1817, 1834 (2021), which held that "[o]ffenses with a mens rea of recklessness do not qualify as violent felonies under ACCA." Id.

Wilson did not make a mens rea argument on direct appeal, even though it was reasonably available at the time. Furthermore, Wilson has not shown cause for why he did not raise this argument on direct appeal. (Civ. Doc. # 1 at 4). Therefore, the Court agrees with the United States that Wilson's arguments under Ground Two are procedurally defaulted. (Civ. Doc. # 6 at 5).

Regardless, this argument fails because the minimum mens rea for Hobbs Act robbery is knowledge — not recklessness. See United States v. Gray, 260 F.3d 1267, 1283 (11th Cir.

8

2001) ("[O]ur precedent suggests — and Gray does not squarely contest — that the only mens rea required for a Hobbs Act robbery conviction is that the offense be committed knowingly."); see also United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999) ("Although not stated in the Hobbs Act itself, criminal intent — acting 'knowingly or willingly' — is an implied and necessary element that the government must prove for a Hobbs Act conviction.").

The Motion is denied as to Ground Two.

### 3.   New Argument in Reply Brief

In Wilson's reply to the United States' response, Wilson argues that attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery do not qualify as a "crime of violence" under the 18 U.S.C. § 924(c) use-of-force clause. (Civ. Doc. # 10 at 2); see United States v. Taylor, 142 S. Ct. 2015, 2019 (2022) (holding that attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A) "because no element of the offense requires the government to prove that the defendant used, attempted to use, or threatened to use force").

But it is improper for Wilson to attempt to raise new grounds for relief in a reply brief. See Oliveiri v. United States, 717 F. App'x 966, 967 (11th Cir. 2018) ("[T]he

district court did not violate Clisby by failing to address his claim that his counsel was ineffective for failing to object to the sentencing court's U.S.S.G. § 2B1.1(b)(11)(C)(i) enhancement. Oliveiri did not present this claim in his § 2255 motion, but rather raised it for the first time in his reply to the government's response. By doing so, he waived the claim. Although Clisby requires a district court to resolve every claim properly presented in a § 2255 motion, it does not require the court to address a claim that a movant waives by failing to raise it until his reply brief." (citations omitted)). Thus, this argument is waived.

Regardless, in Count Two, Wilson was convicted of Hobbs Act robbery — not conspiracy to commit Hobbs Act robbery or attempted Hobbs Act robbery — for the pawnshop robbery during which he threatened victims with a firearm. (Crim. Doc. # 138; Crim. Doc. # 169). Wilson's conviction on Count One for conspiracy to commit Hobbs Act robbery does not alter the fact that Wilson was also convicted of Hobbs Act robbery. Thus, Wilson's conviction on Count Three under Section 924(c), for using, carrying, or brandishing a firearm during and in relation to a crime of violence, is still appropriate.

IV.  **Evidentiary Hearing**

As the Court was able to readily determine that the claim lacks merit, no evidentiary hearing is required. See 28 U.S.C. § 2255(b) (stating that an evidentiary hearing is not necessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); see also Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015) ("To establish that he is entitled to an evidentiary hearing, Hernandez had to allege facts that would prove that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance.").

V.  **Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied**

The Court declines to issue a certificate of appealability because Wilson has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Wilson to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Wilson shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

11

(1)   Terry Alonzo Wilson's pro se Motion for Appointment of Counsel (Civ. Doc. # 11) is **DENIED**.

(2)   Terry Alonzo Wilson's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 218) is **DENIED**.

(3)   The Clerk is directed to enter judgment for the United States of America and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of December, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE